## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DJION CHAMPAGNIE,<br>        Petitioner, | No. 3:25-cv-1019 (SRU) |
| v. | |
| UNITED STATES OF AMERICA,<br>        Respondent. | |

### RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On June 24, 2025, Dijon Champagnie ("Champagnie" or "the petitioner"),

proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. §

2255, challenging the legality of the sentence imposed on him. Doc. No. 1. For the following

reasons, Champagnie's motion is **DENIED**.

### I.    BACKGROUND

On August 31, 2021 a grand jury returned an indictment charging Champagnie with

interfering with commerce by robbery and discharging a firearm during a crime of violence, in

violation of 18 U.S.C. §§ 1951(a) and 924(c). Indictment, *United States v. Champagnie*, No.

3:21-cr-147 (SRU), Doc. No. 1. On August 18, 2023 Champagnie entered into a plea agreement

with the government, pleading guilty to a two-count Substitute Information, charging him with

discharging a firearm during and in relation to a drug trafficking crime and possessing a firearm

as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 924(c) and 922(g)(3).

Plea Agreement, *United States v. Champagnie*, No. 3:21-cr-147 (SRU), Doc. No. 51. I

subsequently sentenced Champagnie to 120 months' imprisonment on Count One and 12

months' imprisonment on Count Two, to be served consecutively, followed by a term of

supervised release of 36 months on each count, to be served concurrently. Judgment, *United States v. Champagnie*, No. 3:21-cr-147 (SRU), Doc. No. 68. Champagnie did not appeal.

## II.    LEGAL STANDARD

Section 2255 provides a prisoner in federal custody an opportunity to challenge the legality of his or her sentence. To obtain relief under Section 2255, the petitioner must show that his or her prior sentence was invalid because: (1) it was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) it exceeded the maximum detention authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The standard is a high one; even constitutional errors will not be redressed through a Section 2255 petition unless they have had a "substantial and injurious effect" that results in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637 (1993); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless error standard to Section 2255 petition). The petitioner bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

## III.    DISCUSSION

Champagnie challenges the constitutionality of his conviction, arguing that Section 922(g)(3) is unconstitutional. Pet., Doc. No. 1.

Champagnie's petition must be denied on the grounds that he waived his right to challenge his conviction. Champagnie entered into a written plea agreement with the government on August 18, 2023. Plea Agreement, *United States v. Champagnie*, No. 3:21-cr-147 (SRU), Doc. No. 51. That plea agreement stated, in relevant part:

The defendant acknowledges that under certain circumstances he is entitled to challenge

his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute.

*Id.* at 5. Champagnie therefore waived his right to challenge his conviction through a motion made under Section 2255. The Second Circuit has held that a defendant's knowing and voluntary waiver of the right to collaterally attack his conviction is presumed enforceable. *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam). "Exceptions to the presumption of the enforceability of a waiver [] occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000). The Second Circuit "ha[s] recognized only five circumstances where [it] will not enforce a waiver:"

(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence; and (5) where the waiver was unsupported by consideration.

*Cook v. United States,* 84 F.4th 118, 122 (2d Cir. 2023) (cleaned up). Champagnie does not argue that any of those circumstances exist here, nor do I find that they do.

For example, Champagnie does not contend that his waiver of his right to challenge his conviction or sentence was not knowing and voluntary, nor would the record support a finding that Champagnie's waiver was invalid. I reviewed the waiver at Champagnie's plea hearing, and Champagnie confirmed that he understood the rights he was waiving. *See* Plea Hearing Transcript, *United States v. Champagnie*, No. 3:21-cr-147 (SRU), Doc. No. 56; *see also United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (A district court is "entitled to rely upon

[a] defendant's sworn statements, made in open court . . . that he understood . . . that he was waiving his right to appeal. . . .").

Moreover, this case presents no "overriding impact on public interest" or "violation of a fundamental right" that, in other cases, might justify voiding an appeal or collateral attack waiver where a defendant challenges the constitutionality of their conviction. *Negron v. United States,* 520 F.Supp. 3d 296, 301 (E.D.N.Y. 2021) (quoting *United States v. Riggi*, 649 F.3d 143, 147-48 (2d Cir. 2011)). *See also Bonilla v. United States*, 2020 WL 489573, at *2-3 (E.D.N.Y. Jan. 29, 2020) ("It is difficult to imagine a right more fundamental than the due process right implicated when a new rule changes the scope of the underlying criminal proscription such that a defendant stands convicted of an act that the law does not make criminal.") (cleaned up). Though a circuit split has emerged, *compare United States v. Yancey,* 621 F.3d 681 (7th Cir. 2010) (upholding constitutionality of section 922(g)(3)), *with United States v. Cooper,* 127 F.4th 1092 (8th Cir. 2025) (holding that section 922(g)(3) may be unconstitutional as applied to some defendants), *and United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024) (same), the Supreme Court has not announced a new constitutional rule that warrants vacating Champagnie's conviction. *See United States v. Stephenson*, 2023 WL 3402310 (2d Cir. May 12, 2023) (upholding conviction under section 922(g)(3) on plain error review because "the contention that 18 U.S.C. § 922(g)(3) is unconstitutional is not clear under current law.").

In any event, courts within this circuit have observed that even "a subsequent change in the law will not invalidate a plea agreement that was validly entered into." *Cruz v. United States*, 2024 WL 2801699, at *4 (D. Conn. May 31, 2024). "[A] defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks

4

that accompanies pleas and plea agreements.'" *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008); *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)). I therefore conclude that Champagnie's waiver of his right to collaterally attack his sentence is enforceable and bars his petition.

## IV. CONCLUSION

For the foregoing reasons, Champagnie's motion to vacate his sentence, doc. no. 1, is **denied**.

Because Champagnie has not made a substantial showing that this ruling denies his constitutional rights, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of July 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
